JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7861-RGK (VBKx) | Date | June 8, 2011 |
|---|---|---|---|
| Title | **SCOTT v. INDYMAC BANK FSB, et al** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Lift Stay and/or Remand Case (DE 24)

**I.    FACTUAL BACKGROUND**

On December 12, 2006, Danny Scott ("Scott" or "Plaintiff") purchased property at 4805 Gloria Avenue, Encino, California 91436 ("Property"). Scott took out mortgages from IndyMac Bank FSB ("Indymac") in order to purchase this Property. In early November 2008, IndyMac notified Scott about certain unpaid and delinquent taxes on the Property, and in early January 2009, IndyMac caused a Notice of Default to be recorded on the Property. On March 19, 2009, the Office of Thrift Supervision ("OTS") appointed the Federal Deposit Insurance Company ("FDIC") as receiver of IndyMac. On April 3, 2009, Scott and IndyMac entered into a written forbearance agreement ("Agreement") whereby Scott was to make a single payment, and IndyMac was supposed to cancel the Default Notice and continue servicing Scott's mortgages. However, on April 28, 2009, IndyMac refused to accept payment from Scott. On June 1, 2009, Deutsche Bank National Trust Company ("Deutsche") was assigned a Deed of Trust from IndyMac, as trustee of the "IndyMac Indx Mortgage Trust 2007-FLX2." IndyMac then foreclosed on Scott's Property in July 2009. On July 22, 2009, Deutsche purchased the Property at a foreclosure sale.

On September 8, 2009, Scott filed the current action in state court against Indymac seeking to quiet title and recover on claims for breach of contract, fraud, unjust enrichment, and cancellation of the Trustees Sale ("Cancellation Action"). On September 15, 2009, Deutsche filed a post foreclosure unlawful detainer complaint in state court against Scott ("UD Action"). Thereafter, Scott filed a Notice of Related cases seeking to relate the UD Action to the Cancellation Action and requesting an order staying the UD Action, both of which were granted by the court in December 2009. On October 20, 2010, the FDIC removed the Cancellation Action to federal court under 12 U.S.C. § 1819(b)(2) and 28 U.S.C. § 1441.

Before the Court is Deutsche's Motion to Lift Stay of Unlawful Detainer Proceeding and/or Remand case to Los Angeles Superior Court. For the following reasons, the Court **GRANTS** Deutsche's Motion to Remand and hereby **REMANDS** this matter to Los Angeles County Superior Court. This Court **DENIES as moot** Deutsche's Motion to Lift Stay.

## II.     JUDICIAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A removed action also may be remanded if the district court dismisses all claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367(c).

## III.    DISCUSSION

Deutsche contends that this case should be remanded to state court because the FDIC has been dismissed from the case with prejudice, therefore no ground for original subject matter jurisdiction over the case remains. For the following reasons, the Court agrees.

### A.     No Ground for Original Subject Matter Jurisdiction Remains

This case was removed from state court to federal court by FDIC pursuant to 12 U.S.C. § 1819(b)(2)(B). Since the removal of this case, the FDIC has been dismissed with prejudice. (Docket No. 14). Therefore, 12 U.S.C. § 1819 no longer establishes jurisdiction.

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not apply, as all of Scott's claims against IndyMac and Deutsche are state law claims. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 also does not apply, as court records indicate that both Scott and IndyMac are California citizens.

The Ninth Circuit has yet to rule on the issue of whether federal jurisdiction remains following dismissal of the FDIC. In the absence of guidance otherwise, the Court applies the well-established law allowing discretionary power over matters involving supplemental jurisdiction. Applying the standards laid out in *Carnegie-Mellon University v. Cohill,* judicial economy, fairness, convenience and comity all weigh in favor of remanding this case to the state court. 484 U.S. 343, 350 n. 7 (1988). In addition, the plaintiff initially sought to litigate his claims in state court and neither party wishes to remain in federal court. Finally, there is no reason to doubt that the state court will provide fair and just adjudication of the issues. Therefore, this action should be remanded to the state court.

### B.     This Court Denies as Moot Deutsche's Motion to Lift Stay

For the reasons listed above, this Court declines to exercise its supplemental jurisdiction over this action. Based on this ruling, the Court denies as moot Deutsche's Motion to Lift Stay.

## IV. <u>CONCLUSION</u>

In light of the foregoing, the Court **GRANTS** Deutsche's motion and hereby **REMANDS** this matter to the Los Angeles County Superior Court. The Court **DENIES as moot** Deutsche's Motion to Lift Stay.

**IT IS SO ORDERED.**

          : _____

Initials of Preparer   slw